J-S79036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STRANDON MILLER | : | |
| | : | |
| Appellant | : | No. 143 EDA 2017 |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002279-2009

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 19, 2017**

Appellant, Strandon Miller, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and accurately sets forth the relevant facts and procedural history.  Therefore, we have no need to restate them.

Appellant raises one issue for our review:

> WHETHER APPELLANT WAS PREJUDICED BY TRIAL AND APPELLATE COUNSEL[S'] FAILURE TO PRESERVE THE ISSUE OF SUFFICIENCY OF THE EVIDENCE FOR CONSIDERATION IN APPELLANT'S DIRECT APPEAL[?]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

(Appellant's Brief at 4).

As a preliminary matter, we must determine if Appellant properly preserved his issue for appellate review. As a rule, the failure to raise an issue before the PCRA court constitutes waiver of the claim for appeal. *Commonwealth v. Bond*, 572 Pa. 588, 819 A.2d 33 (2002). *See also* Pa.R.A.P. 302(a) (stating issues not raised in lower court are waived and cannot be raised for first time on appeal). Additionally, "issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." *Commonwealth v. Hill*, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011).

Instantly, the sole issue Appellant raised in his Rule 1925(b) statement provides as follows:

> [Whether] the PCRA court erred as a matter of law and abused its discretion when it denied, without an evidentiary hearing, [Appellant]'s sought-after PCRA relief asking for a new trial even though [Appellant] demonstrated that trial counsel's failure to object to the introduction of evidence at trial was ineffective assistance of counsel[?]

(*See* Rule 1925(b) statement, filed 1/31/17, unpaginated). Appellant raised this claim for the first time in his Rule 1925(b) statement, but he failed to raise it in his petitions before the PCRA court. Therefore, the "evidentiary" claim Appellant raised in his Rule 1925(b) statement is waived for appellate

review. *See Bond, supra*; Pa.R.A.P. 302(a), *supra*. Further, the "preservation" issue Appellant argues on appeal differs from the only issue he presented in his Rule 1925(b) statement. Because Appellant failed to raise his "preservation" issue in his concise statement, it is also waived for purposes of our review. *See Castillo, supra*. Moreover, even if Appellant had properly preserved these claims, they would merit no relief.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008).

- 3 -

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: "(1) the underlying claim is of arguable merit; (2) …counsel had no reasonable strategic basis for his…action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** at 880. "The petitioner bears the burden of proving all three prongs of the test." ***Id.*** "If a petitioner fails to plead or meet any elements of the [ineffectiveness] test, his claim must fail." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1272 (Pa.Super. 2010). ***See also Commonwealth v. Chmiel***, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden to prove ineffectiveness).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Giovanni O.

Campbell, we would affirm on the basis of the PCRA court's opinion. The PCRA court comprehensively addresses and properly disposes of Appellant's issues. (**See** PCRA Court Opinion, filed February 13, 2017, at 3-8) (addressing thoroughly Appellant's Rule 1925(b) statement claim and appellate issue and finding both meritless). The record supports the PCRA court's rationale, and we see no reason to disturb it. Therefore, if Appellant had properly preserved his issues for our review, then we would affirm based on the PCRA court's opinion. Accordingly, we affirm. ***See generally In re K.L.S.***, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017

IN THE COURT OF COMMON PLEAS
FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH : CP-51-CR-0002279-2009 **FILED**

v.

CP-51-CR-0002279-2009 Comm. v. Miller, Strandon
Opinion

FEB 1 3 201**7**

STRANDON MILLER



7905058091

Criminal Appeals Unit
First Judicial District of PA

**MEMORANDUM OPINION**

*CAMPBELL, J.* February **13TH**, 2017

**Procedural History**

On September 17, 2009, following a jury trial before the Honorable Earl Trent, Petitioner Strandon Miller (aka Brandon Miller), was found guilty of aggravated assault graded as a first degree felony, criminal conspiracy, endangering the welfare of a child, possessing an instrument of crime, and recklessly endangering another person. On November 5, 2009, Petitioner was sentenced to an aggregate term of 12½ to 25 years' incarceration.

Petitioner Appealed to the Superior Court, which affirmed the judgment of sentence. *Commonwealth v. Miller*, 32 A.3d 846 (Pa. Super. 2011).

Petitioner filed an application for *en banc* re-argument, which the Superior Court denied on October 26, 2011. *Commonwealth v. Miller*, 2011 Pa. Super. LEXIS 4256 (Pa. Super 2011).

On May 1, 2012, Petitioner filed the instant *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA").

On October 15, 2012, the Pennsylvania Supreme Court granted Petitioner leave to file a Petition for Allowance of Appeal, *nunc pro tunc. Commonwealth v. Miller*, 55 A.3d 98 (Pa. 2012).

Petitioner filed his petition for allowance of appeal on November 2, 2012, which the Pennsylvania Supreme Court denied on June 12, 2013. *Commonwealth v. Strandon Miller*, 69 A.3d

243 (Pa. 2013).

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus and accompanying Memorandum of Law in the United States District Court for the Eastern District of Pennsylvania Court on November 25, 2013. Therein Petitioner alleged that: (1) trial counsel was ineffective for not arguing that use of force by a parent or guardian may be justifiable under 18 Pa.C.S. §509(1)(i); (2) direct appeal counsel was ineffective for not filing a timely *allocatur* petition; and (3) trial and direct appeal counsel were ineffective for not relying on specific cases *Miller v. Pennsylvania*, 2014 U.S. Dist. LEXIS 95443, *6-7 (E.D. Pa. June 19, 2014).[1]

On June 19, 2014, United States Magistrate Judge Henry S. Perkin recommended that the petition be denied and dismissed without prejudice. On July 10, 2014, United States District Court Judge Nitza Quiñones Alejandro adopted Judge Perkins' recommendations. *Miller v. Pennsylvania*, 2014 U.S. Dist. LEXIS 94723, *2, 2014 WL 3401111 (E.D. Pa. July 10, 2014).

Counsel for Petitioner filed an Amended PCRA Petition on November 7, 2014. He filed a Supplemental Amended PCRA Petition on September 14, 2015.

The Commonwealth filed an Answer to the Petition on February 5, 2016.

The matter was assigned to this Court on February 10, 2016.

On November 28, 2016, the Court sent Petitioner a Notice of Intent to Dismiss the PCRA Petition, pursuant to Pa.R.Crim.P. 907.

On December 20, 2016, the PCRA petition was dismissed and Petitioner was sent Notice of the dismissal and a copy of the Order.

On December 23, 2016, a timely Notices of Appeal was filed.

---

[1] Petitioner's filings in the federal habeas case are docketed under the name Brandon Miller, at E.D. Pa. No. 13-cv-06862.

2

Pursuant to Pa.R.A.P. 1925(b)(2) and (3), the Court entered an order on January 23, 2017, directing the filing of a Statement of Errors Complained of on Appeal, not later than twenty-one (21) days after entry of the order.

A Rule 1925(b) Statement of Errors was filed on January 31, 2017.

## Factual History

The Commonwealth established at trial that Petitioner and Crystal Otte, his live-in girlfriend, repeatedly beat the girlfriend's six-year old daughter with a metal-studded belt. School personnel observed injuries to the child's hands, back, and buttocks, and reported the abuse. The jury also heard evidence, by way of stipulation, that:

> A jury found that Strandon Miller similarly assaulted two-year-old M. R., the son of his then girlfriend. M. R. died in the hospital eight days after the assault. He never regained consciousness and died from a lacerated liver, pancreatic injury, facial bruises, and hypoxia, which is lack of blood flow and/or oxygen to the brain. A jury determined that M. R.'s death was caused by Strandon Miller. The jury convicted Strandon Miller of the involuntary manslaughter of M. R. Strandon Miller is currently appealing that jury's guilty verdict.

(N.T. 9/16/09, 66-67).

The other evidence adduced at trial is adequately set forth in Judge Trent's September 20, 2010, Opinion. We adopt Judge Trent's summary as though fully set forth herein.

## Discussion

The May 3, 2012, *pro se* PCRA Petition raises the single ground of failure of trial and appellate counsel to advance the defense of parental discipline or punishment. The September 14, 2015, Supplemental Amended PCRA Petition raises this claim in the context of failure of trial and appellate counsel to preserve the claim of insufficiency of the evidence to support the conviction.[2]

---

2 The November 7, 2014, Amended PCRA Petition raises as the sole ground for relief the failure to file a Petition for Allowance of Appeal to the Supreme Court. The Supreme Court granted leave to file a Petition for Allowance of

3

In response to the Court's January 23, 2017, Order pursuant to Pa.R.A.P. 1925(b)(2) and (3), directing the filing of a Statement of Errors Complained of on Appeal, Appellant filed a Rule 1925(b) Statement on January 31, 2017, raising the single ground of error was the denial of the request for a new trial based upon alleged ineffectiveness of trial counsel for "failure to object to the introduction of evidence at trial."

The claim of ineffectiveness of counsel in failing to advance the argument that the conduct fell within the range of permissible parental discipline or punishment was not preserved by raising it in the Pa.R.A.P. 1925(b) Statement. Accordingly, it is waived. However, even if not waived, it is clearly meritless. The evidence conclusively demonstrated injury and intent far beyond that which could conceivably be construed as falling within the bounds of lawful parental discipline of a six year-old child. See below.

As for the sole ground raised in the Rule 1925(b) Statement – "trial counsel's failure to object to the introduction of evidence at trial" – there is nothing in the original PCRA Petition, the Amended Petition or the Supplemental Petition addressing such alleged failure. If the alleged failure to object goes to the introduction of the child's statements under the "tender years" exception, that issue has been previously litigated. See Superior Court Opinion, pp. 3-5. If the alleged failure to object goes to the evidence of Petitioner's prior conviction for the beating death of his prior girlfriend's two year old son, that too has been previously litigated. See Superior Court Opinion, pp. 8-11. The PCRA provides that in order to be eligible for relief, "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). See also 42 Pa.C.S.

Appeal, nunc pro tunc on October 15, 2012 (*Commonwealth v. Miller*, 55 A.3d 98 (Pa. 2012)), and because such a petition was filed and denied by the Pennsylvania Supreme Court denied on June 12, 2013. *Commonwealth v. Strandon Miller*, 69 A.3d 243 (Pa. 2013). As acknowledged in paragraph 2 of the September 14, 2015, Supplemental Amended Petition, this ground is clearly moot.

4

§ 9544.

Therefore, although not preserved pursuant to Rule 1925(b), we will address the only conceivably viable issue raised in the PCRA petitions.

**1.    The evidence was sufficient to overcome any license to impose discipline under 18 Pa.C.S. § 509.**

The claim in the September 14, 2015, Supplemental Amended PCRA Petition of failure of trial and appellate counsel to preserve the claim of insufficiency of the evidence to support the conviction, is not raised in the Pa.R.A.P. 1925(b) Statement. Moreover, it is without merit. As the Superior stated regarding his previous effort to argue sufficiency of the evidence on appeal: "Even if Miller had preserved his claim for appellate review, we would conclude that it lacks merit for the reasons stated in the trial court's Opinion. *See* Trial Court Opinion, 9/20/10, at 5-7 (unnumbered) (concluding that the evidence was sufficient to establish that Miller intended to cause serious bodily injury)". *Commonwealth v. Miller*, No. 3490 EDA 2009, Slip. Op. 13, note 5 (Pa. Super. 8/30/11). This Court likewise adopts Judge Trent's reasoning.

However, even assuming, *arguendo*, that the claim is this time preserved for appellate review, it nonetheless fails.

A claim challenging the sufficiency of the evidence presents a question of law. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." *Commonwealth v. Hughes*, 521 Pa. 423, 555 A.2d 1264, 1267 (1989). We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." *Id.*

5

Our Supreme Court has instructed:

> [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Ratsamy*, 594 Pa. 176, 934 A.2d 1233, 1236 n. 2 (2007).

*Commonwealth v. Thomas*, 65 A.3d 939, 943 (Pa. Super. 2013).

18 Pa.C.S. § 509. Use of force by persons with special responsibility for care, discipline or safety of others, provides, in pertinent part:

> The use of force upon or toward the person of another is justifiable if:
> (1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:
> (i) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and
> (ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

As in *Commonwealth v. Bradley*, 69 A.3d 253, (Pa. Super. 2013), even if Petitioner had provided argument in support of his claim that the use of force was justified under 18 Pa.C.S. § 509, the conviction would have been affirmed.

The conduct here was that:

> [I]n the evening of December 8, 2008, the [six year-old] complainant was instructed to clean a litter box. Ms. Otte concluded that the complainant improperly executed the cleaning, and decided to beat her with a belt partially composed of metal rings. Ms. Otte proceeded to strike the backside of her body for an extended period of time. The complainant attempted to deflect the strikes and defend herself by extending her arm back behind her body. At some point, Ms. Otte ceased and physically transferred the belt to the Appellant. Later that evening, the [Petitioner] resumed the beating of the complainant with the belt. Extensive physical injuries were sustained by the complainant as a result of the

6

beating.

Trial Court Opinion, unnumbered pp. 6-7.

Regarding § 509, the Superior Court has explained: "In applying this section, we believe that the fact finder must assess whether the [parent] believed the use of force was necessary to maintain reasonable discipline and whether it was consistent with the child's welfare, in consideration of, the child's [alleged] misconduct, the nature and severity of the punishment inflicted, the age and size of the child and alternative means of discipline that were available." *Commonwealth v. Tullius*, 582 A.2d 1, 4 (Pa. Super. 1990).

In considering the evidence, we are guided by the sage analysis of our colleague, Judge Wallace H. Bateman, Jr.:

> It is true that parents have the privilege to subject their children to corporal punishment when the children misbehave. This is so because our society recognizes the primary role of parents in preparing children to assume the obligations and responsibilities of adults, and because there is a need to ensure that the state, through its criminal justice system, does not unduly interfere with the private realm of family life. See [*Commonwealth v. Ogin*, 540 A.2d 549, 554 (Pa. Super. 1988)]. Nevertheless, there are limits regarding the type and severity of the corporal punishment which a parent may impose. Id. The law long ago abandoned the view that children are essentially "chattels of their parents without independent legal rights." *Id.* Moreover, it is now clear that child abuse is a serious and widespread problem, which the state has a powerful interest in preventing and deterring. *Id.* According to 18 Pa.C.S.A § 509(1)(ii), "the force upon or toward the person of another is justifiable if the actor is the parent or guardian...and the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation." 18 Pa.C.S.A § 509(1)(ii).

*Commonwealth v. Riggins*, 2011 Pa. Dist. & Cnty. Dec. LEXIS 551, *17-18 (Pa. County Ct. 2011).

Under the facts presented here, granting all reasonable inferences to the Commonwealth as the verdict winner, we have no difficulty concluding that the use of force was not necessary to maintain reasonable discipline; that the force used was not consistent with the child's welfare; that

7

the child's alleged misconduct in failing to adequately clean the cat's litterbox was insignificant and certainly did not warrant anywhere near the level of physical punishment inflicted; that the nature and severity of the punishment inflicted was grossly out of proportion to any infraction, let alone the minor misconduct alleged against this 6 year-old; and there were ample alternative means of appropriate, reasonable discipline available to Petitioner and his co-conspirator.

"It is well established that ... counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008), citing *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008). Here, the evidence presented was clearly sufficient, and counsel's failure to preserve a meritless challenge to that sufficiency does not render counsel ineffective or warrant relief.

For all the reasons set forth herein, Defendant's Petition under the Post-Conviction Relief Act was properly dismissed.

By The Court:

_____
Campbell, J.

8